**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-1307**

---

KALEB MULU,

Petitioner,

versus

U.S. IMMIGRATION & NATURALIZATION SERVICE,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals. (No. A73-662-915)

---

Submitted: October 17, 2000        Decided: November 13, 2000

---

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Onyebuchi N. Enechionyia, Alexandria, Virginia, for Petitioner. David W. Ogden, Assistant Attorney General, Margaret J. Perry, Senior Litigation Counsel, Kristen Giuffreda Chapman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kaleb Mulu, a native and citizen of Ethiopia, seeks review of a final order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation. We have reviewed the administrative record and the Board's decision, and find that substantial evidence supports the Board's conclusion that Mulu did not establish a well-founded fear of persecution and thus did not qualify for relief. See 8 U.S.C. § 1105a(a)(4) (1994);[*] Chen v. INS, 195 F.3d 198, 203-04 (4th Cir. 1999); Matter of S-M-J-, Int. Dec. 3303, 1997 WL 80984 at 8-9 (BIA Jan. 31, 1997); Matter of Dass, 20 I. & N. Dec. 120 (BIA 1989); 8 C.F.R. 208.13(a), (b) (2000).

We accordingly affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] We note that 8 U.S.C. § 1105a(a)(4) (1994), was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable here under the terms of the transitional rules contained in § 309(c) of the IIRIRA.